NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 11-1184 consolidated with CA 11-1185


"BUDDY" CALDWELL, ATTORNEY GENERAL EX REL.
STATE OF LOUISIANA

VERSUS

JANSSEN PHARMACEUTICAL, INC., ET AL.


**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 04-C-3967-D C/W 04-C-3977
HONORABLE DONALD WAYNE HEBERT, DISTRICT JUDGE

**********

JOHN D. SAUNDERS

JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Oswald A. Decuir, Judges.


MOTIONS TO STRIKE DENIED AS MOOT.
MOTIONS TO DISMISS DENIED.

Jeffrey Michael Bassett
Patrick Craig Morrow, Sr.
James P. Ryan
Morrow & Morrow
Post Office Drawer 1787
Opelousas, LA 70507
(337) 948-4483
COUNSEL FOR PLAINTIFF/APPELLEE:
    James D. "Buddy" Caldwell, Louisiana Attorney General

**Kenneth Warren DeJean**
**Attorney at Law**
**Post Office Box 4325**
**Lafayette, LA 70502**
**(337) 235-5294**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **James D. "Buddy" Caldwell, Louisiana Attorney General**

**James T. Guglielmo**
**James Clarence Lopez**
**Guglielmo, Lopez, Tuttle**
**Post Office Drawer 1329**
**Opelousas, LA 70571-1329**
**(337) 948-8201**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Johnson & Johnson**
    **Ortho-McNeil-Janssen Pharmaceutical, Inc.**

**James Burke Irwin, V**
**Monique Marie Garsaud**
**David W. O'Quinn**
**Douglas J. Moore**
**Irwin, Fritchie, et al.**
**400 Poydras Street, Suite 2700**
**New Orleans, LA 70130**
**(504) 310-2100**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Johnson & Johnson**
    **Ortho-McNeil-Janssen Pharmaceutical, Inc.**

**Robert Lyle Salim**
**Attorney at Law**
**1901 Texas Street**
**Natchitoches, LA 71457**
**(318) 352-5999**
**COUNSEL FOR PLANTIFF/APPELLEE:**
    **James D. "Buddy" Caldwell, Louisiana Attorney General**

**L. Christopher Styron**
**Assistant Attorney General**
**Post Office Box 94005**
**Baton Rouge, LA 70804-9005**
**(225) 326-6468**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **James D. "Buddy" Caldwell, Louisiana Attorney General**

**Michael W. Perrin**
**Fletcher V. Trammell**
**Bailey, Perrin & Bailey**
**440 Louisiana Avenue, Suite 2100**
**Houston, TX 77002**
**(713) 425-7100**
**COUNSEL FOR PLAINTIFF/APPELLEE:**

James D. "Buddy" Caldwell, Louisiaan Attorney General

Kenneth T. Fibich
Fibich, Hampton, et al.
1150 Bissonnet
Houston, TX 77005
(713) 751-0025
COUNSEL FOR PLAINTIFF/APPELLEE:
    James D. "Buddy" Caldwell, Louisiana Attorney General

Thomas F. Campion
Drinker, Biddle & Reath, LLP
500 Campus Drive
Florham Park, NJ 07932-1047
(973) 360-1100
COUNSEL FOR DEFENDANTS/APPELLANTS:
    Ortho-McNeil-Janssen Pharmaceutical, Inc.
    Johnson & Johnson

Brian C. Anderson
Michael E. Stamp
Stephen D. Brody
O'Melveny & Myers, LLP
1625 Eye Street, North West
Washington, DC 20006
(202) 383-5300
COUNSEL FOR DEFENDANTS/APPELLANTS:
    Ortho-McNeil-Janssen Pharmaceutical Inc.
    Johnson & Johnson

Robert Cowan
Attorney at Law
440 Louisiana Avenue, Suite 2100
Houston, TX 77002
(713) 425-7100
COUNSEL FOR PLAINTIFF/APPELLEE:
    James D. "Buddy" Caldwell, Louisiana Attorney General

**SAUNDERS, Judge.**

Appellee, the State of Louisiana, ex rel, James D. "Buddy" Caldwell, Attorney General (the State), moves this court to dismiss the appeal of Ortho-McNeil-Janssen Pharmaceuticals, Inc. (Ortho-McNeil). The State also moves this court to dismiss the suspensive appeals of Ortho-McNeil and Johnson & Johnson and to convert the appeals to devolutive appeals. Also, in their memoranda filed in opposition to the State's two motions to dismiss, Appellants have included some exhibits which the State moves this court to strike. For the reasons given below, we deny the motions to dismiss, and we deny the motions to strike as moot.

These consolidated cases involve suits which the State filed in 2004 against Johnson & Johnson and Janssen Pharmaceutical, Inc. (Janssen), for allegedly using misrepresentations and deceptive practices when marketing Risperdal, a second-generation antipsychotic medication manufactured by these companies. The State allegedly sustained damages when it paid for Risperdal prescriptions for Louisiana Medicaid recipients. The case was tried by a jury which rendered a verdict in favor of the State in the amount of $257,679,500.00, plus interest, with 90 percent fault being assessed to Janssen and 10 percent fault being assessed to Johnson & Johnson. On March 9, 2011, the trial court signed a judgment adopting the jury's verdict and awarding attorney's fees and expenses. Johnson & Johnson and Ortho-McNeil filed a Motion For Judgment Notwithstanding the Verdict, Or Alternatively, for New Trial. However, on May 9, 2011, the trial court denied that motion. On May 23, 2011, Johnson & Johnson and Ortho-McNeil filed a motion for appeal, and the order of appeal was signed that same day.

After the appeal record was lodged in this court, the State filed two motions to dismiss. With one motion, the State seeks to have this court dismiss Ortho-McNeil's appeal outright. With the other motion to dismiss, the State seeks to have this court

dismiss the suspensive appeals of both Ortho-McNeil and Johnson & Johnson and to convert the appeals to devolutive appeals.

## MOTION TO DISMISS THE APPEAL OF ORTHO-MCNEIL AND RELATED MOTION TO STRIKE

The state takes the position that Ortho-McNeil's appeal should be dismissed because Ortho-McNeil was not named as a defendant in the lawsuit and was never substituted as a party. The State contends that although Ortho-McNeil has filed an appeal, that company was not cast as a liable party in the judgment being appealed. Further, the State maintains that since Janssen has not filed an appeal, the judgment rendered against Janssen is now final and non-appealable.

Ortho–McNeil asserts that it became the successor company to Janssen in 2007 and that the company's name was changed. Therefore, Ortho-McNeil contends that it is the legal equivalent of Janssen for the purpose of this appeal. According to Ortho-McNeil, the State wants to have it both ways: although the State wants to collect from Ortho-McNeil for any judgment which survives this appeal, the State denies that Ortho-McNeil is the successor for Jansen, the company actually named as a liable party in the judgment, for the purpose of this appeal. At any rate, Ortho-McNeil contends that its company is entitled to appeal even if it were not determined to be the legal equivalent of Janssen. In support of this contention, Ortho-McNeil relies on La.Code Civ.P. art. 2086, which provides that "[a] person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken." Ortho-McNeil asserts that since it is essentially liable for the judgment, it was entitled to intervene in the lower court's proceedings. As such, Ortho-McNeil contends that, pursuant to Article 2086, it is entitled to appeal the judgment at issue.

As evidence that Ortho-McNeil is the successor of Janssen, Ortho-McNeil's opposition to the motion to dismiss contains exhibits, including an affidavit signed by John Kim, the assistant secretary for Janssen, as well as various corporate documents

relating to mergers and name changes. However, the State asks this court to strike these exhibits on the grounds that the documents are not in the appeal record and that the introduction of new evidence is not permitted on appeal.

With regard to the motion to dismiss, we find that there is merit in Ortho-McNeil's arguments against dismissal. Ortho-McNeil's potential for being held liable for the State's damages provides a basis upon which Ortho-McNeil could have intervened in the trial court proceedings. As such, we find that La.Code Civ.P. art. 2086 authorizes Ortho-McNeil to file an appeal from the judgment at issue. Further, we note that, there is evidence in the record indicating that Ortho-McNeil made efforts to establish and to notify the State of its status as Janssen's successor, independent of the exhibits which the State seeks to have this court strike. For instance, in its answer to the fourth amended petition, Ortho-McNeil expressly states that Janssen no longer exists and that Ortho-McNeil is Janssen's successor in interest. Further, in subsequent pleadings, including the motion for appeal, Ortho-McNeil refers to itself as Janssen's successor. Under these circumstances, we find that it is appropriate, pursuant to Article 2086, for Ortho-McNeil to appeal the judgment at issue. Accordingly, we deny the State's motion to dismiss Ortho-McNeil's appeal. Also, since we would reach the same conclusion with or without considering the exhibits which the State seeks to strike, we deny the State's motion to strike as moot.

## MOTION TO DISMISS SUSPENSIVE APPEALS OF JANSSEN AND JOHNSON & JOHNSON AND CONVERT TO DEVOLUTIVE APPEALS AND THE RELATED MOTION TO STRIKE

The State argues that the suspensive appeals of Appellants, Ortho-McNeil and Johnson & Johnson (hereinafter referred to as "Appellants"), should be dismissed and converted to devolutive appeals because Appellants posted an appeal bond in an amount less than what was required by the appeal order. Specifically, the State contends that, although Appellants were granted suspensive appeals contingent upon the filing of an appeal bond in the amount of $338,045,619.99, Appellants posted an

appeal bond in the amount of $337,610,150.21. The State argues that, since the amount of the appeal bond posted is $435,365.78 less than the amount required by the suspensive appeal bond set by the trial court, the appeals should be converted to devolutive appeals.

Appellants assert that this court is not the proper court in which to challenge the appeal bond issue. Rather, Appellants contend that, pursuant to La.Code Civ.P. art. 2086(A)(5), any challenges to the sufficiency of the appeal bond must be raised in the trial court because appellate courts generally do not have jurisdiction over matters involving the form, substance, and sufficiency of appeal bonds. However, Appellants maintain that there is one exceptional circumstance wherein an appellate court has jurisdiction to consider issues regarding bond defects. In that regard, Appellants note that the jurisprudence has held that "an appellate court does have the authority to determine whether what purports to be a bond is in fact a bond, or whether the defects of the purported bond are so glaring and so numerous that it constitutes no bond at all." *Fidelity Nat. Bank of Baton Rouge v. Calhoun*, 08-1685 (La.App. 1 Cir. 3/27/09), 11 So.3d 1119, 1123 (citation omitted). Appellants assert that the exceptional circumstance referred to in *Fidelity* is not present in the instant case.

Appellants contend that, although a ministerial error resulted in the appeal bond being posted in an amount which is 0.13% less than the bond amount required by the appeal order, this is not a case in which no appeal bond was posted. In fact, Appellants assert that the face amount of the appeal bond they posted exceeds the amount required by law. In that regard, Appellants contend that, although La.Code Civ.P. art. 2124(B) provides that appeal bonds are to be calculated without the inclusion of costs, Appellants included costs when calculating the bond amount they posted. Further, Appellants note that La.Code Civ.P. art. 5124 provides that any defects in an appeal bond may be corrected by the furnishing of a new or supplemental bond any time before a challenge is made to the original bond and that

4

La.Code Civ.P. art. 5124 provides that defects in an appeal bond may be corrected with a new or supplemental bond within four days of a judgment made regarding a challenge to the original bond. In the instant case, Appellants state that they have filed a supplemental bond increasing the amount of the appeal bond by $435,365.78.

To their opposition to the motion to dismiss, Appellants have attached, as Exhibit B, a copy of their supplemental appeal bond which they posted on September 27, 2011, the day after the State filed its motion to dismiss. However, the State has filed a motion to strike Exhibit B on the ground that appellate courts cannot receive new evidence on appeal. In response to the motion to strike, Appellants argue that while an appellate court can only consider the evidence in the trial court's record to rule on the merits of the appeal, there is no prohibition against an appellate court giving consideration to undisputed evidence as to the status of the appeal bond.

As noted by Appellants, this is not a case wherein no bond was posted. Rather, this is a case in which a significant bond was posted. Also, we note that La.Code Civ.P. art. 2088(A)(5) provides that, when a case is on appeal, the trial court retains jurisdiction to consider objections as to the form, substance, and sufficiency of an appeal bond. As such, we find that the State's objection to the amount posted for the appeal bond should have been raised in the trial court, with Appellants being given an opportunity to cure the bond shortage. Having determined that the trial court retains jurisdiction to address the bond issue raised in the State's motion to dismiss, we find that the State's motion to dismiss should be denied. Also, because we would reach the same conclusion with or without considering the evidence which the State seeks to have this court strike, we find that the State's motion to strike Exhibit B from Appellants' opposition to the motion to dismiss is moot.

For the foregoing reasons, we deny the State's motion seeking to have the suspensive appeals dismissed and converted to devolutive appeals, and we deny the motion to strike as moot.

5

**MOTIONS TO STRIKE DENIED AS MOOT.**
**MOTIONS TO DISMISS APPEALS DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.